IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY PRUITT** | : | CIVIL ACTION |
| *Plaintiff pro se* | : | |
| | : | |
| v. | : | NO. 22-CV-4772 |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                          JANUARY 30, 2023

Leroy Pruitt, proceeding *pro se*, filed a Complaint and a Motion to Proceed *In Forma Pauperis*. He named as Defendants: the City of Philadelphia, former Philadelphia District Attorney Seth Williams,[1] the Court of Common Pleas of Philadelphia County, and the American Civil Liberties Union of Philadelphia ("ACLU"). For the reasons set forth, the Court will grant Pruitt leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[2]

On October 9, 2008, Pruitt was arrested on narcotics charges related to activity occurring at his residence located at 1431 West Somerset Street, Philadelphia, Pennsylvania. *Commonwealth v. Pruitt*, No. 1485 C.D. 2010, 2011 WL 10845791, at *1 (Pa. Commw. Ct. Aug. 22, 2011). The public docket for the relevant state court proceedings reflects that on February 8, 2010, Pruitt was found guilty of possessing drug paraphernalia. *See Commonwealth v. Pruitt*, CP-51-CR-0015850-

---

[1]      Pruitt also names "Larry Krasher" as a Defendant. Based on a liberal construction of the Complaint, the Court understands Pruitt to be naming current Philadelphia District Attorney Larry Krasner. However, as set forth herein, the applicable statute of limitations bars Pruitt's claims in their entirety.

[2]      The factual allegations set forth in this Memorandum are taken from Pruitt's Complaint and public court dockets/decisions of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1

2008 (C.P. Phila.).  Following the conviction, the Commonwealth filed a petition for forfeiture of Pruitt's residential property.  *Pruitt*, 2011 WL 10845791 at *1.  The state court conducted a forfeiture hearing at which Pruitt and others testified and, ultimately, the state court granted the Commonwealth's forfeiture petition.  *Id*, at *1-2.  Pruitt, through counsel, appealed, arguing among other things, that the forfeiture proceeding was unconstitutional.  *Id.* at *3.  On August 22, 2011, the Pennsylvania Commonwealth Court[3] affirmed the order of the trial court, finding that the forfeiture of Pruitt's property was "not unconstitutional."  *Id.* at *4-5; *see also* Compl. at 2.[4]

Here, Pruitt seeks compensatory damages and declaratory relief.  Specifically, he requests monetary damages in the amount of (1) $20,000 to compensate for the value of his property "at the time of its confiscation [in 2010]" and (2) $2,000 in attorneys fees for the work performed by his previous counsel "over 10 years ago."  (Compl. at 5.)  Pruitt also requests a declaration that the "forfeiture policy instituted by the City of Philadelphia [was] unconstitutional," and that his property be returned to him or that he receive reimbursement of $20,000, the value of the property at the time of the 2010 forfeiture. (*Id*.)

II. **STANDARD OF REVIEW**

The Court grants Pruitt leave to proceed *in forma pauperis* because it appears that he does not have the current ability to pay the fees to commence this case.  Accordingly, 28 U.S.C. §

---

[3]   Pruitt references a "Court of Common Pleas" judgment by "Pellegrini, Brobson, and McCullough." (Compl. at 2.)  The Court understands Pruit to be referring to an August 22, 2011 Commonwealth Court of Pennsylvania decision authored by Judge Pellegrini.  *See Pruitt*, 2011 WL 10845791.

[4]   Pruitt also claims that the Defendant ACLU subsequently filed a class action against the Defendant City of Philadelphia based on the City's alleged unconstitutional forfeiture protocols. (Compl. at 2.) According to Pruitt, the ACLU along with lawyer "David Rudosky" reached "some sort of agreement enjoining the illegal forfeiture practices/policy." (*Id*.)  Pruitt claims that as "an obvious class member" he was entitled to compensation but received none. (*Id*.)  The public docket shows that the class action Complaint and Motion to Certify a Rule 23 Class referenced by Pruitt were filed in August of 2014.  *See Sourovelis v. City of Philadelphia, et al.*, Civ. A. No. 14-4687 (E.D. Pa.); *see also Sourovelis v. City of Philadelphia*, 320 F.R.D. 12, 32 (E.D. Pa. 2017).

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Additionally, a court may dismiss a complaint based on an affirmative defense when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *see also Carey v. Monroe Cnty. Ct. Ord. NO 2017-CV-8322*, No. 20-0363, 2020 WL 4589222, at *3 (M.D. Pa. June 30, 2020), *report and recommendation adopted sub nom. Carey v. Monroe Cnty. Ct. Ord.*, 2020 WL 4589197 (M.D. Pa. Aug. 10, 2020) ("Although the running of a statute of limitations is an affirmative defense, which generally must be raised by way of answer to the complaint, *see* Fed. R. Civ. P. 8(c), where that defense is obvious on the face of the complaint and no development of the record is necessary, a court may *sua sponte* dismiss a time-barred complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1)."). As Pruitt is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Pruitt claims that the 2010 forfeiture of his property violated his civil rights under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As a threshold matter, the Court must consider whether a claim under 42 U.S.C. § 1983 for the unconstitutional forfeiture of Pruitt's property is timely.

The timeliness of a § 1983 claim is governed by the limitation period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). A claim accrues under the relevant federal civil rights laws "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitation will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Applying the applicable statute of limitations, this Court finds Pruitt's unconstitutional forfeiture claims are time-barred. According to Pruitt, his property was forfeited on May 21, 2010. (Compl. at 2.) Thus, Pruitt's claims accrued at that time because that is the date that he knew or should have known of his injuries. *See Moody v. Conroy,* 680 F. App'x 140, 142-43 (3d Cir. 2017) (cause of action accrued on the date of seizure). Pruitt, however, did not file his Complaint until November 28, 2022, which is twelve years after his claims accrued. The application of the time

bar is apparent on the face of Pruitt's Complaint since he concedes he was aware that his rights were allegedly being violated at the time of the 2010 forfeiture and that he knew that his injury had been caused by the City's allegedly unconstitutional forfeiture protocol and policy.[5] (Compl. at 2.)  It is thus clear from the face of the Complaint that Pruitt filed his claim beyond the two-year statute of limitations, rendering it untimely.[6] *See Wisniewski*, 857 F.3d at 157.

In Pennsylvania the *discovery rule* may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)).  "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2004).  "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893 (citations omitted).  However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858).  Whether Pennsylvania's

---

[5]  In his 2011 appeal, Pruitt argued that the City's forfeiture protocol was illegal. *See* Compl. at 4 ("[I]n fact Plaintiff challenged the illegal protocol but was ignored."); *see also Pruitt*, 2011 WL 10845791, at *3.

[6]  Assuming the Complaint could be liberally interpreted to raise a claim based on the 2014 class action, that claim, too, would be time-barred. The crux of Pruitt's case is the 2010 forfeiture of his property. Pruitt knew at the time of the forfeiture that his alleged injury was caused by the City's purposed "illegal [forfeiture] protocol," Compl. at 4, and thus, his action accrued at that time, three years before the 2014 class action.

discovery rule applies in a given case is a question of fact. *Id.* at 894; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). As such, it is properly a question for the jury unless no reasonable juror could find otherwise. *Fine*, 870 A.2d at 858-59.

Here, no reasonable juror could find that Pruitt's claim is timely. As noted, he alleges that he was aware of the allegedly unconstitutional forfeiture as it happened, understood the loss of his property, and that the loss of his property was allegedly caused by the City's forfeiture protocol and policy. (Compl. at 2, 4.) Moreover, Pruitt raised the issue of the constitutionality of the forfeiture in the 2011 state court forfeiture proceedings. *See Pruitt*, 2011 WL 10845791 at *2. Anyone exercising reasonable diligence would thus know that he was injured and by what cause─when the forfeiture occurred. For this reason, the Court is constrained to find that Pruitt's claims are untimely and are, therefore, dismissed with prejudice.[7]

---

[7] Even if Pruitt's claims were not time barred, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). That is precisely the relief Pruitt seeks in this case, namely, to overturn the state court forfeiture decision. Pruitt's Complaint fails for additional reasons. The Philadelphia Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity, which bars suits in federal court, against a state and its agencies, that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). In addition, even if Pruitt's claims were not otherwise barred, prosecutors such as Defendants Williams and Krasner are entitled to absolute prosecutorial immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Finally, the docket reflects that the Defendant ACLU was not counsel in the class action referred to by Pruitt, *see Sourovelis v. City of Philadelphia, et al.*, Civ. A. No. 14-4687 (E.D. Pa.), and even assuming it was somehow involved in that litigation, the ACLU is not a state actor for purposes of § 1983. *D'Alessandro v. Am. C.L. Union*, No. 06-212, 2006 WL 3253422, at *3 (D. Del. Nov. 8, 2006).

## IV. CONCLUSION

For the foregoing reasons, Pruitt's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since it is apparent that Pruitt cannot cure the defects in his claims, the dismissal is with prejudice. An appropriate Order follows, which dismisses this case.

*NITZA I. QUIÑONES ALEJANDRO, J.*